# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2855 | **DATE** | 9/1/2004 |
| **CASE TITLE** | Marley Mouldings Ltd. vs. Mikron Industries, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached memorandum opinion and order, Mikron's amended bill of costs is granted in part and denied in part. Mikron is awarded a total of $19,487.08. Enter Memorandum Opinion and Order.

(11) ■  [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | SEP 0 3 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 147 |
| | Copy to judge/magistrate judge. | | | |
| | | 2004 SEP -2 PM 2:51 | SEP 0 3 2004 | |
| MF | courtroom deputy's initials | FILED | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARLEY MOULDINGS LIMITED, ) <br> a Nevada corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MIKRON INDUSTRIES, INC., ) <br> a Washington corporation, ) <br> ) <br> Defendant. ) | No. 02 C 2855 <br><br> Judge John W. Darrah <br><br> DOCKETED <br> SEP 0 3 2004 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Marley Mouldings Limited, commenced a patent infringement action against Defendant, Mikron Industries, Inc., for the infringement of United States Patent 5,951,927. On February 19, 2004, this Court granted Mikron's Motion for Summary Judgment of Invalidity, finding the 927 Patent invalid pursuant to 35 U.S.C. § 112, ¶ 2. Presently before the Court is Mikron's Amended Bill of Costs.

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court- appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (*Weeks*). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined - the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945.

147

Mikron seeks a total of $227.35 for court transcripts necessary to prepare and respond to pre- and post-trial motions. Marley does not dispute the need for the transcripts or the reasonableness of the charges. Accordingly, these charges are awarded.

Mikron seeks a total of $6,240.14 in deposition costs of several witnesses. Several witnesses were deposed, some on multiple days. Marley does not dispute the necessity of each deposition. Each deposition date is considered below.

The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are "reasonably necessary". *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.30 as the rate per page for an original transcript, $4.40 per page for each expedited copy, $0.83 per page for the first copy of a transcript, and $0.55 per page for each additional copy to the same party.

Mikron seeks $113.71 for the December 17, 2002, deposition costs of Jim Schumacher, calculated at 137 pages of transcript at the rate of $0.83 per page. This amount is at the established rate and is awarded.

Mikron seeks $127.82 for the December 18, 2002, deposition costs of Charles Cannon, calculated at 154 pages of transcript at the rate of $0.83 per page. This amount is at the established rate and is awarded.

Mikron seeks a total of $1,468.80 for the January 8, 2003, deposition costs of Carroll Cope, calculated at 336 pages of transcript at the rate of $0.83 per page and a "min-u-script" at the cost of $20.00. Marley contests the $20.00 min-u-script charge. Mikron argues that the min-u-script saved copying expense. However, min-u-scripts and condensed transcripts, as a second copy, are generally

2

not recoverable. *See Hardy v. University of Illinois, Chicago*, 2002 WL 2022602 (N.D. Ill. Sept. 3, 2002) (*Hardy*); *Ochana v. Flores*, 206 F. Supp. 2d 941, 945 (N.D. Ill. 2002) (*Ochana*); *Sanglap v. LaSalle Bank*, 194 F. Supp. 2d 798, 803 (N.D. Ill. 2002) (*Sanglap*); *Winfrey v. City of Chicago*, 2000 WL 965854 (N.D. Ill. Aug. 22, 2000). Accordingly, the $20.00 in fees for the min-u-script is not recoverable. Accordingly, Mikron is awarded $1,448.80 for the January 8, 2003, deposition.

Mikron seeks $904.05 in costs for the January 9, 2003, depositions of Cope and Larry Davis, calculated at $233.75 in court reporter appearance fees, 191 pages of transcript at the rate of $3.30 per page, and $40.00 for two min-u-scripts. Marley only takes issue with the min-u-script charges. As stated above, the min-u-script fees are not recoverable. Accordingly, Mikron is awarded $864.05 in costs for the January 9, 2003, depositions.

Mikron seeks $75.53 in costs for the January 24, 2003, deposition of Kevin Gohr, calculated at 91 pages of transcript at the rate of $0.83 per page. This amount is at the established rate and is awarded.

Mikron seeks $143.59 in costs for the March 19, 2003, deposition of Cannon, calculated at 173 pages at the rate of $0.83 per page. This amount is at the established rate and is awarded.

Mikron seeks $299.63 for the April 25, 2003, deposition of Michael Wolcott, calculated at 361 pages at the rate of $0.83 per page. This amount is at the established rate and is awarded.

Mikron seeks $1,173.75 in costs for the April 26, 2003, deposition of Alan Giacomin, calculated at 215 pages at the rate of $0.83 per page and $25.00 for a condensed transcript. As stated above, the condensed transcript is not recoverable. Accordingly, Mikron is awarded $1,148.75 in costs for the April 26, 2003, deposition.

Mikron seeks $229.91 in costs for the August 6, 2003, deposition of Cannon, George Melkonian, and John Hammock, calculated at 277 pages at the rate of $0.83 per page. This amount is at the established rate and is awarded.

Mikron seeks $164.34 for the August 7, 2003, deposition of Cannon, calculated at 198 pages at the rate of $0.83 per page. This amount is at the established rate and is awarded.

Mikron seeks $1,012.20 in costs for the December 9, 2003, deposition of Giacomin, calculated at 192 pages at the rate of $0.83 per page and $32.00 for the condensed transcript. As stated above, the condensed transcript is not recoverable. Accordingly, Mikron is awarded $980.20 in costs for the December 9, 2003, deposition.

Mikron seeks $105.41 in costs for the December 10, 2003, deposition of Wolcott, calculated at 127 pages at the rate of $0.83 per page. This amount is at the established rate and is awarded.

Mikron seeks $421.40 in costs for the December 11, 2003, deposition of Davis, calculated at 93 pages at the rate of $0.83 per page and $22.00 for the condensed transcript. As stated above, the condensed transcript is not recoverable. Accordingly, Mikron is awarded $399.40 in costs for the December 11, 2003, deposition.

Based on the above, Mikron is awarded a total of $6,101.14 for deposition costs.

Mikron seeks $8,701.85 in costs for photocopies of documents and exhibits. Marley takes issue with only one item for which Mikron seeks reimbursement – a display board Mikron purchased for $321.34 for use at the Markman hearing. Mikron contends that the display board was needed to show an enlarged copy of the disputed claim. However, in light of the extensive briefing of the disputed claim by the parties and the numerous copies of the disputed claim already provided to the Court, the display board at a cost of $321.34 was not reasonably necessary for the Markman hearing.

4

This cost is not recoverable. Accordingly, Mikron is awarded $8,380.51 in costs for photocopies of documents and exhibits.

Lastly, Mikron seeks a total of $4,778.08 for actual travel expenses of Wolcott. Marley does not take issue with the costs associated with the multiple trips required by Wolcott. However, Marley contends that Mikron did not provide sufficient receipts for some of the expenses. Mikron has attached the proper documentation to its Amended Bill of Costs. Accordingly, these costs are awarded.

For the reasons stated above, Mikron's Amended Bill of Costs is granted in part and denied in part. Mikron is awarded a total of $19,487.08.

Dated: September 1, 2004

JOHN W. DARRAH
United States District Judge