UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARLEY MOULDINGS LIMITED, a Nevada corporation, ) ) ) Plaintiff, ) ) v. ) ) MIKRON INDUSTRIES, INC., ) a Washington corporation, ) ) Defendant. ) | No. 02 C 2855 Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Marley Mouldings Limited, brought a patent infringement action against Mikron Industries, Inc., for the infringement of United States Patent 5,951,927 ("927 Patent"). Presently before the Court are Marley's Motion for Summary Judgment of Literal Infringement of U.S. Patent 5,951,927 By Mikron Products With 20 Parts Wood Flour/Polymer Pellets and 10 Parts Wood Flour/Polymer Pellets and Mikron's Motion for Partial Summary Judgment of Noninfringement.

## BACKGROUND

Marley owns the 927 Patent, which is entitled "Method of Making A Polymer and Wood Flour Composite Extrusion." (Plaint.'s 56.1(a)(3) Statement ¶ 3). The 927 Patent is directed to a method for making plastic extrusions that contain wood flour as set forth in the single independent Claim 1. Claim 1 states:

> A method of forming a solid elongated member of predetermined profile for use as a door, window or frame molding, comprising the steps of:
>
> encapsulating wood flour particles with a polymer resin in an extrudable material by high intensity mixing, said extrudable material consisting essentially of, in parts (volume):

| polymer resin: | in an amount up to 100 |
| wood flour: | 15-140 |
| stabilizers: | in an amount up to 5 |
| lubricants: | in an amount up to 5 |
| process aids: | in an amount up to 10, |

extruding and cutting said extrudable material to form pellets of said extrudable material,

mixing additional polymer resin and a non-aqueous blowing agent with said pellets to form an extrudable foam material,

compressing said extrudable foam material at a compression stage by passage through an orifice, said orifice having at one end thereof a predetermined profile, said foam material consisting of, in parts (volume):

| polymer resin: | in an amount up to 100 |
| wood flour: | 15-140 |
| stabilizers: | in an amount up to 5 |
| lubricants: | in an amount up to 5 |
| process aids: | in an amount up to 10 |
| blowing agents: | .2 to 5 |

expanding said foam material through a shaper, said shaper having an internal solid surface defining a channel for said foam material, and solidifying said foam material to form a solid elongated member.

(Def's 56.1(a)(3) Statement ¶ 1).

Mikron manufactures or has manufactured polymer resin/wood flour extrusions which are cut to specified lengths for use in windows, frames, slats for window coverings, and window blinds. (Def.'s 56.1(a)(3) Statement ¶ 2). The composite extrusions are currently sold under the product name Mikronwood® XTR. (Id., ¶ 3). Marley asserts that Mikron's manufacture of its Mikronwood® XTR foamed wood flour and polymer extrusions constitutes infringement of Claims 1, 2, 3, and 5 of the 927 Patent. (Id., ¶ 4).

In Mikron's process for manufacturing its Mikronwood® XTR foamed/wood flour extrusions, pre-formed wood flour/polymer pellets (purchased from a supplier) are combined with additional polymer resin and a blowing agent. (Def.'s 56.1(a)(3) Statement ¶ 5). The combined materials are then extruded to form the Mikronwood® XTR extrusion profiles. (Id., ¶ 6).

North Wood Plastics ("NWP") makes the wood flour/polymer resin pellets that Mikron uses in its Mikronwood® XTR manufacturing process. These wood flour/polymer resin pellets are made by a process that involves encapsulating the wood flour particles with polymer resin in an extrudable material by high intensity mixing. (Plaint.'s 56.1(a)(3) Statement ¶ 7). The wood flour/polymer resin pellets Mikron uses in the Mikronwood® XTR manufacturing process are approximately 50 percent wood flour mixed with approximately 50 percent resin, with a minor amount of lubricant or process aides. (Id., ¶ 8). The wood flour/polymer resin pellets used to manufacture Mikronwood® XTR products are made by a process that involves extruding and cutting the extrudable material to form pellets. (Id., ¶ 9). The Mikronwood® XTR process includes mixing wood flour/polymer pellets with additional polymer resin and a non-aqueous blowing agent to form an extrudable foam material. The foam material is then compressed through an orifice of a predetermined profile, expanded through a shaper with an internal solid surface that defines a channel for the foam material, and then solidified to form a solid elongated member. (Id., ¶ 10). The Mikronwood® XTR formulation includes polymer resin, modifier, blowing agent, and pigment. (Id., ¶ 11).

Using the average bulk density of the constituent ingredients, Mikron's Mikronwood® XTR extrusion has the following composition:

| Ingredient | Parts of Total Formulation by Weight (measured in pounds) | % of the Total Weight of the Extrusion | Average Bulk Density (lbs./ft.$^3$) | Component Volume (ft.$^3$) | % of Total Volume of the Formulation |
|---|---|---|---|---|---|
| Resin | 100.00 | 82.14 | 41 | 2.44 | 68.74 |
| Modifier | 12.00 | 9.86 | 18 | 0.67 | 18.79 |
| Wood Flour/ Polymer Pellet | | | | | |
|   Polymer Resin | 2.50 | 2.05 | 41 | 0.06 | 1.72 |
|   Wood Flour | 2.50 | 2.05 | 9 | 0.28 | 7.83 |
| Blowing Agent | 2.75 | 2.26 | 40 | 0.07 | 1.94 |
| Pigment | 2.00 | 1.64 | 57 | 0.04 | 0.99 |
| Total | 121.75 | 100.00 | – | 3.55 | 100.00 |

(Def.'s 56.1(a)(3) Statement ¶ 7). The pre-formed wood flour/polymer pellet used in the Mikron process contains equal quantities by weight of wood flour (2.5 lbs.) and polymer (2.5 lbs.). (Id., ¶ 8).

From at least October 1999 through at least May 2001, Mikron used 20 parts wood flour/polymer pellets by weight in the final product formulation of Mikronwood® XTR products having wood flour. (Plaint.'s 56.1(a)(3) Statement ¶ 12). Twenty percent wood flour/polymer

4

pellets by weight in the final formulation of Mikronwood® XTR corresponds to between 27.4 to 34.3 volume percent. (Id., ¶ 13).

From at least October 1999 through at least May 2001, Mikron used 10 parts wood flour/polymer pellets by weight in the final product formulation of Mikronwood® XTR products having wood flour. (Plaint.'s 56.1(a)(3) Statement ¶ 16). Ten percent wood flour/polymer pellets by weight in the final formulation of Mikronwood® XTR corresponds to between 15.8 to 19.7 volume percent. (Id., ¶ 17).

Mikron contends that beginning in at least January 2002 and since that time, at least some of Mikron's Mikronwood® XTR extrusion contains 5 percent wood flour/polymer pellets by weight rather than 5 parts wood flour/polymer pellets. This assertion appeared for the first time in Marley's damages expert's report. (Def.'s 56.1(a)(3) Statement ¶ 9). The expert's report indicated that these "loading" percentages were "based on the March 26, 2003 declaration of James Schumacher [Mikron's deposition witness regarding the formulation and manufacturing of Mikron's products] and his deposition, dated December 17, 2002." (Id., ¶ 10). The Schumacher declaration and deposition testimony each set forth the "loading" of wood flour pellets in terms of parts of wood flour pellet by weight, not by weight percent. (Id., ¶ 11). The Schumacher declaration also stated that all runs of the Mikronwood® XTR product using wood flour pellets have been manufactured using 5 parts of wood flour pellets by weight according to the formulation in the exhibit to his December 17, 2002 deposition. (Id., ¶ 13).

On November 7, 2003, Mikron's technical expert, Dr. Wolcott, visited the Mikron facility. (Def.'s 56.1(a)(3) Statement ¶ 14). At least some of the production logs reviewed by Dr. Wolcott were consistent with the above product formulation (see above chart). (Id., ¶ 15).

## ANALYSIS

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts. *See Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001).

*Marley's Motion for Summary Judgment of Literal Infringement*

Marley seeks summary judgment as to the issue of whether certain products made by Mikron from October 1999 to at least December 2001, as well as at least some of the product it has sold up to the present time, literally infringe the 927 Patent.

A patent infringement analysis consists of two steps. In the first step, referred to as claim construction, the meaning and scope of the patent claims asserted to be infringed are determined. The second step entails proving the infringement by comparing the properly construed claims to the device accused of infringement. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (*Markman*).

Pursuant to 35 U.S.C. § 271(a), a party literally infringes a patent when "without authority [it] makes, uses, offers to sell, or sells any patented invention . . . during the term of the patent . . . ." The claims define the scope of the patented invention. *See Johnson & Johnson*

*Assoc. Inc. v. R.E. Service Co.*, 285 F.3d 1046, 1052 (Fed. Cir. 2002). A process or method claim is directly infringed only when the process is performed. *See Joy Tech., Inc. v. Flakt*, 6 F.3d 770, 773 (Fed. Cir. 1993). Each claim of a patent is an entity that must be considered as a whole. *See General Foods Corp. v. Studiengesellschaft Kohle*, 972 F.2d 1272, 1274 (Fed. Cir. 1992).

The preamble of Claim 1, "[a] method of forming a solid elongated member of predetermined profile for use as a door, window or frame molding" has been construed as not limiting Claim 1, but only providing examples of end products produced by the process. Marley's Mikronwood® XTR products are solid elongated members of predetermined profile for use in window components.

Step 1 of the claim entails the production of wood/flour polymer resin pellets by encapsulating wood flour particles with a polymer resin in an extrudable material by high intensity mixing, with the extrudable material consisting of certain materials. NWP manufactures the wood flour/polymer resin pellets used by Marley. NWP manufactures the pellets using the same materials found in step 1 of the claim and encapsulates the wood flour particles with a polymer resin by high intensity mixing.

The third, fourth, sixth, and seventh limitations of Claim1 recite the second stage of the process. During this stage of the process, the previously produced pellets are combined with additional polymer resin and a non-aqueous blowing agent to form an extrudable foam material. The foam material is then compressed by passage through an orifice of a predetermined profile, expanded through a shaper, which has an internal solid surface that defines a channel for the foam material, and solidified to form a solid elongated member. Marley's Mikronwood® XTR product is manufactured using the same second stage of the process.

The fifth limitation of Claim 1 recites a list of components in the formulation of the final product. The Court has previously construed this limitation as mandating a minimum amount of wood flour required for literal infringement to be 10.7% by volume. This limitation is the basis of both parties' arguments of infringement/noninfringement. Marley's Mikronwood® XTR products manufactured by using 20 parts wood flour/polymer pellets and 10 parts wood flour/polymer pellets fall within the scope of the fifth limitation.

As demonstrated above, Marley's Mikronwood® XTR products manufactured by using 20 parts wood flour/polymer pellets and 10 parts wood flour/polymer pellets practice each of the steps in Claim 1 of the 927 Patent. Accordingly, no genuine issue of material fact exists as to whether Marley's Mikronwood® XTR products manufactured by using 20 parts wood flour/polymer pellets and 10 parts wood flour/polymer pellets literally infringe Claim 1 of the 927 Patent.

Mikron argues that summary judgment should not be granted because NWP, not Mikron, performed the first two steps of the claimed process. However, the issues of NWP's performing the first steps of the claimed process and the amount of control Mikron has over NWP are not relevant as to whether Marley's Mikronwood® XTR products manufactured by using 20 parts wood flour/polymer pellets and 10 parts wood flour/polymer pellets literally infringe Claim 1 of the 927 Patent; but they may be relevant as to whether Mikron is liable for damages for the infringement.

Mikron also argues that summary judgment should be denied because a genuine issue of material fact exists as to when notice of infringement was given to Mikron to allow for the accrual of damages under 35 U.S.C. § 271(g). However, any issue relating to notice relates to damages, not infringement. Accordingly, notice or the lack of notice does not dictate whether literal infringement has taken place.

Based on the above, Marley's Motion for Summary Judgment of Literal Infringement of the 927 Patent by Marley's Mikronwood® XTR products manufactured by using 20 parts wood flour/polymer pellets and 10 parts wood flour/polymer pellets is granted.

*Mikron's Motion for Partial Summary Judgment of Noninfringement*

Mikron seeks partial summary judgment of noninfringement for its "current" formulation which contains 5 parts of wood flour/polymer pellets by weight. Products manufactured with five parts wood flour/polymer pellets by weight contain 7.83 percent by volume wood flour. The resulting 7.83 percent by volume wood flour falls outside the minimum amount of wood flour required for literal infringement of 10.7 percent by volume found in the fifth limitation. Accordingly, Mikron's Mikronwood® XTR product manufactured using 5 parts wood flour/polymer pellets by weight do not literally infringe the 927 Patent; and summary judgment in favor of Mikron is granted as to that issue.[1] However, whether Mikron's "current" Mikronwood® XTR products are actually manufactured using 5 parts wood flour/polymer pellets by weight is disputed. Therefore, only products proven to be manufactured using 5 parts wood flour/polymer pellets by weight will be found not to literally infringe the 927 Patent.

Mikron also argues that its products formulated using 5 parts wood flour/polymer pellets by weight do not infringe the 927 Patent under the doctrine of equivalents.

Under the doctrine of equivalents, an accused product infringes only if it possesses all of the limitations of the claim either literally or equivalently. *Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 1160

---

[1] Marley also argues that summary judgment should be denied for products manufactured with wood flour/polymer pellets greater than 5 percent (compared to 5 *parts*) by weight. However, Mikron did not move for summary judgment as to any products manufactured with wood flour/polymer pellets greater than 5 percent by weight. Accordingly, this argument is not considered.

(Fed. Cir. 1998). The "doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole." *Warner-Jenkinson v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997) (*Davis*). Furthermore, application of the doctrine of equivalents cannot be used to erase or vitiate limitations from the claim. *Davis*, 520 U.S. at 29. The differences between the accused product and the claim limitation must be "insubstantial" to possess an equivalent claim limitation. *Desper*, 157 F.3d at 1338. No set formula for determining whether a finding of equivalence would vitiate a claim limitation exists. *See Freedman Seating Co. v. American Seating Co.*, 420 F.3d 1350, 1359 (Fed. Cir. 2005) (*Freedman*); *Boehringer Ingelheim Vetmedica, Inc. v. Schering-Plough Corp.*, 320 F.3d 1339, 1351 (Fed. Cir. 2003) (applying the function/way/result test to measure the substantiality of relevant differences); *Davis*, 520 U.S. at 39-40 (noting that function/way/result test may be suitable for analyzing some mechanical devices, but it is often not suitable for other products or processes). Instead, the court "must consider the totality of the circumstances of each case and determine whether the alleged equivalent can be fairly characterized as an insubstantial change from the claimed subject matter without rendering the pertinent limitation meaningless." *Freedman*, 420 F.3d at 1359.

As discussed above, Mikron's Mikronwood® XTR products manufactured using 5 parts wood flour/polymer pellets by weight result in 7.83 percent by volume wood flour, which falls outside the minimum amount of wood flour required for literal infringement of 10.7 percent by volume. Mikron contends that 7.83 percent by volume wood flour when compared to the 10.7 percent required in the 927 Patent is not insubstantial to one of ordinary skill in the art. However, the only support Mikron provides for its conclusion is its expert's conclusory opinion, which does not set forth why, when one considers the totality of the circumstances, the 27 percent less by volume

10

wood flour is a substantial change in the claimed subject matter. Accordingly, a genuine issue of material fact exists as to whether the difference in the volume of wood flour is an insubstantial change; and summary judgment as to this issue is denied.

Lastly, in its reply brief, Mikron argues that Marley is legally estopped from asserting a claim under the doctrine of equivalents. However, Mikron cannot raise a new issue in its reply brief. *See United States v. Stevens*, 380 F.3d 1021, 1025 (7th Cir. 2004). Accordingly, summary judgment based on this new alternate theory is denied.

## CONCLUSION

For the foregoing reasons, Mikron's Motion for Summary Judgment of Literal Infringement of U.S. Patent 5,951,927 By Mikron Products With 20 Parts Wood Flour/Polymer Pellets and 10 Parts Wood Flour/Polymer Pellets is granted. Mikron's Motion for Partial Summary Judgment of Noninfringement is granted in part and denied in part.

Dated: January 10, 2006

JOHN W. DARRAH
United States District Judge